IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01778-BNB,

EDWIN G. ALMEYDA,

     Plaintiff,

v.

MATTHEW RHODES,
CHRISTINE RICHARD,
TOM PETERSON, and
TOM WATERS,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2008

GREGORY C. LANGHAM
               CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

     Plaintiff, Edwin G. Almeyda, alleges that he is in the custody of the Colorado Department of Corrections and currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado, correctional facility. He initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 (2006), alleging that his rights under the United States Constitution have been violated.

     Mr. Almeyda has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or fails to state a claim upon which relief may

be granted. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Almeyda is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Almeyda is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint in part.

Mr. Almeyda is suing two parole officers, Christine Richard and Tom Peterson, and two Colorado parole board members, Matthew Rhodes and Tom Waters. He asserts five claims. In his first claim, he asserts that Mr. Rhodes unlawfully placed him on parole beyond his established discharge date. As his second claim, he contends that Ms. Richard conspired with the owner of the parole house where Plaintiff resided to defraud taxpayers, and that Ms. Richard and Mr. Peterson violated his equal protection rights by requiring him and other similarly situated parolees to live in the parole house. As his third claim, he alleges that Ms. Richard and Mr. Peterson conspired with the

owner of his parole house to have him falsely charged and arrested for crimes of identify theft, conspiracy, and forgery, crimes he contends he did not commit, and that on August 1, 2007, Mr. Waters revoked his parole. As his fourth claim, he alleges that Mr. Peterson subjected him to cruel and unusual punishment by having him arrested and handcuffed behind his back for eight hours, refusing him medical treatment for injuries. As his fifth claim, he alleges that Mr. Peterson is responsible for the loss of his property during his transfer from the parole house to the El Paso County Criminal Justice Center.

Mr. Almeyda may not recover money damages for his first or third claims. Mr. Almeyda's first claim, that Mr. Rhodes unlawfully placed him on parole beyond his established discharge date, and the second part of his third claim, that on August 1, 2007, Mr. Waters revoked his parole, challenge the validity of these parole-related decisions. The first part of his third claim, i.e., that Ms. Richard and Mr. Peterson conspired with the owner of his parole house to have him falsely charged and arrested for crimes of identify theft, conspiracy, and forgery, challenges the validity of the pending charges or resulting convictions.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. The

3

rule in **Heck** also applies to "proceedings that call into question the fact or duration of parole or probation." **Crow v. Penry**, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); **see also Butterfield v. Bail**, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying **Heck** to claim regarding denial of parole). **Heck** also precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff necessarily would imply the validity of any conviction or sentence that might result from prosecution of the pending charges. **See Beck v. Muskogee**, 195 F.3d 553, 557 (10th Cir. 1999).

Mr. Almeyda does not allege, and nothing in the Court's file indicates, that he has invalidated the decisions to place him on parole or revoke his parole, or that he has invalidated the pending charges or resulting convictions and sentences on the crimes he contends he did not commit. Therefore, these claims for damages are barred by **Heck**, and will be dismissed. The dismissal will be without prejudice. **See Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996).

Moreover, Mr. Almeyda may not sue Colorado Parole Board members, Messrs. Rhodes and Waters, for money damages. These Defendants enjoy absolute immunity from suit for damages because they were acting in their official capacity as members of the Colorado Parole Board. **Russ v. Uppah**, 972 F.2d 300, 303 (10th Cir. 1992).

Mr. Almeyda's second claim is without merit. The Court lacks subject matter jurisdiction over the first part of Mr. Almeyda's second claim, i.e., that Ms. Richard conspired with the owner of the parole house where Plaintiff resided to defraud taxpayers. Mr. Almeyda fails to allege facts indicating how he has been injured by the alleged conspiracy to defraud taxpayers. The United States Constitution requires that a

4

party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Almeyda fails to demonstrate any actual or threatened injury as a result of the alleged conspiracy, he lacks standing to assert claims generally attacking the conspiracy. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

The second part of the second claim, i.e., that Ms. Richard and Mr. Peterson violated his equal protection rights by requiring him and other similarly situated parolees to live in a designated parole house, will be dismissed as legally frivolous. A person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Mr. Almeyda's allegation that he and other similarly situated individuals, i.e., other parolees, are being treated similarly fails to state an equal protection claim.

Therefore, the first and third claims will be dismissed without prejudice as barred by the rule in *Heck*. The second claim will be dismissed in part for lack of subject matter jurisdiction and in part as legally frivolous. The clerk of the Court will be directed to remove the names of Defendants, Mr. Rhodes, Mr. Waters, and Ms. Richard, as

parties to this action. Mr. Almeyda's remaining claims, four and five, will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that claims one and three asserted by Plaintiff, Edwin G. Almeyda, are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that part one of claim two is dismissed for lack of subject matter jurisdiction and that part two of claim two is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court remove the names of Defendants, Matthew Rhodes, Tom Waters, and Christine Richard, as parties to this action. The only remaining Defendant is Tom Peterson. It is

FURTHER ORDERED that Mr. Almeyda's remaining claims four and five asserted against Mr. Peterson and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 24 day of ___Sept.___, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01778-BNB

Edwin G. Almeyda
Prisoner No. 46277
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _9/25/08_

GREGORY C. LANGHAM, CLERK

By: _____
                        Deputy Clerk