IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01778-ZLW-KLM

EDWIN G. ALMEYDA,

    Plaintiff,

v.

TOM PETERSON,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on an Order to Show Cause.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court.  Although Plaintiff was ordered to respond to the Order to Show Cause as to why the complaint should not be dismissed for failure to prosecute and for violating D.C. COLO.L.CivR. 10.1 (M) [Docket No. 28], Plaintiff has failed to file a response.  The Court has reviewed the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, I respectfully **RECOMMEND** that the case be **DISMISSED**, as set forth below.

**I.    Statement of the Case**

    At the time of filing, Plaintiff was incarcerated at the Colorado Territorial Correctional Facilty in Canon City, Colorado.  On August 20, 2008, Plaintiff filed his *pro se* complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging, *inter alia*, that Defendants violated his civil rights by placing him in a residential facility where all his property was

stolen. He also alleges that he was subject to false arrest and imprisonment and cruel and unusual punishment. [Docket No. 3].

The inmate locator available on the Colorado Department of Corrections ("CDOC") website indicates that Plaintiff has been released on parole and is no longer incarcerated by the CDOC. *See* Inmate Locator, https://exdoc. state. co.us/ inmate_locator/search_form.php. On February 20, 2009, mail to the Plaintiff was returned to the Court as undeliverable [Docket No. 27]. The Court ordered Plaintiff to respond to the Order to Show Cause on or before April 3, 2009 [Docket No. 28], but Plaintiff has failed to file a response, or provide the Court with his current mailing address.

**II.    Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a plaintiff's claims for failure to prosecute, *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007), and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list

of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). However, given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Defendants

From a review of the case file, I find that Plaintiff's mail has been returned as undeliverable throughout the litigation of this case, beginning on October 3, 2008 [Docket Nos. 7, 10, 16, 17, 18, 19, and 27]. Plaintiff's failure to provide the Court with a current address, as required by D.C.Colo.LCivR. 10.1(M), and failure to prosecute his case has caused prejudice to Defendants because they have been deprived of information and documents necessary to defend against Plaintiff's claims. Likewise, Defendants' burden is ongoing in that they must defend against allegations that it appears Plaintiff has no intention of pursuing.

**B.     Interference with the Judicial Process**

On November 3, 2008, I issued a Minute Order directing Plaintiff to file an Amended Complaint on or before January 27, 2009 [Docket No. 25]. Plaintiff failed to file an Amended Complaint on or before January 27, 2009. Further, on February 5, 2009, I issued an Order to Show Cause directing Plaintiff to make his required monthly payment for the months of October, November and December 2008 or show cause why he could not on or before February 18, 2009 [Docket No. 26]. The envelope containing this Minute Order was returned on February 20, 2009, and marked "no longer here" [Docket No. 27].

The last filing from Plaintiff in this case was received on October 30, 2008 [Docket No. 23]. The Court has not received a notice of change of address from Plaintiff as required by D.C.COLO.LCivR. 10.1(M), and has had no other contact with Plaintiff since October 30, 2008.

Just as Defendants are burdened by Plaintiff's failure to provide a current address and failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow the Court's Orders and to comply with the local rules demonstrates a lack of respect for the Court, Defendants, and the judicial process. Moreover, the Court's continual review of his file and issuance of Orders necessitated by Plaintiff's neglect increases the workload of the Court and interferes with the administration of justice.

**C.     Culpability of Plaintiff**

Plaintiff has, without any reasonable excuse, ignored D.C.Colo.LCivR. 10.1(M), which requires that "[w]ithin ten days after any change of address . . . of any attorney or pro

se party, notice of the new address . . . shall be filed." Plaintiff has also failed to respond to the Court's Order to Show Cause [Docket No. 28] and has failed to provide any justification for his failure to prosecute his case. Although Plaintiff's pleadings are construed liberally because he proceeds *pro se*, he is not excused from his obligations to follow the same rules of procedures that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

### D. Advance Notice of Sanction of Dismissal

The Court has warned Plaintiff that he could be sanctioned for failure to comply with the Order to Show Cause [Docket #28]. Accordingly, the Court finds that Plaintiff had ample notice that his failure to comply with Court's Order and the local rules could result in the dismissal of his case.

### E. Efficacy of a Lesser Sanction

I conclude that no sanction less than dismissal with prejudice would be effective here. Although Plaintiff is proceeding *pro se*, that does not excuse his failures here. *See Green*, 969 F.2d at 917. In addition, based upon Plaintiff's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiff's failures impact both the judicial system and Defendants jointly, and considering that Plaintiff has effectively neglected his case for several months, the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

Accordingly, I respectfully **RECOMMEND** that the case be dismissed.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve

and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                                          BY THE COURT:
                                          __s/ Kristen L. Mix_____
                                          United States Magistrate Judge

Dated: April 7, 2009